UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

ROBERT ACKEN, )
    *Plaintiff*, )
  )
v. ) No. 1:22-cv-00083-TAV-CHS
  )
TREY SHIPLEY DEVELOPMENT, *et al.* )
    *Defendants*. )

## REPORT AND RECOMMENDATION

### I.    Introduction

Plaintiff Robert Acken, *pro se*, has filed an application to proceed *in forma pauperis* [Doc. 1]. Because the Court concludes it lacks subject matter jurisdiction in this case, the Court **RECOMMENDS** that this action be **DISMISSED** without prejudice and that the application to proceed *in forma pauperis* be **DENIED** as moot.

This Court is responsible for screening all actions filed by plaintiffs—including non-prisoners seeking *in forma pauperis* status—and dismissing any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In addition, "federal courts have a continuing obligation to inquire into the basis of subject-matter jurisdiction to satisfy themselves that jurisdiction to entertain an action exists." *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 890 (6th Cir. 1998).

### II.    Facts

Plaintiff alleges that, after he filed a lawsuit in federal court against Defendant Gene Shipley, he was fired by his employer, T&A Cabinets, in retaliation for the lawsuit. [Doc. 2, Complaint at Page ID # 14]. The supervisor who fired Plaintiff, Rodney Gooden, is a close friend

of Gene Shipley's. [*Id.*]. Trey Shipley is Gene's son. [*Id.*]. Plaintiff also alleges that David Van Winkle, an employee at T&A Cabinets, sexually harassed him by sending him text messages asking him to perform sexual acts on him (i.e., Van Winkle). Plaintiff states he is bringing this lawsuit "For Acts toward Robert Acken under Protected federal laws 50-1-304." (Capitalization original) [Doc. 2-1, Complaint at Page ID # 15]. Section 50-1-304 is the code section for the Tennessee Public Protection Act, Tenn. Code Ann. § 50-1-304, which prohibits an employer from retaliatorily discharging an employee for refusing to participate in or remain silent about illegal activities. Plaintiff cites to no other code section in his complaint, nor does he reference any law by name—other than what the Court just quoted. Plaintiff resides in Soddy Daisy, Tennessee. [Doc. 21-, Complaint, Page ID # 14]. Defendants are also located in Soddy Daisy, Tennessee. [*Id.*].

### III.     Discussion

Federal courts are courts of limited jurisdiction with authority to address matters sanctioned only by federal statute and the Constitution. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "It is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests on the party asserting jurisdiction." *Id.* (citations omitted). Consequently, Plaintiff bears the burden to establish that this Court has jurisdiction to rule upon the matters he has alleged in his complaint.

Plaintiff has referenced no federal statute or constitutional provision under which his claims are based. Consequently, he has not met his burden to show the Court has subject matter jurisdiction under 28 U.S.C. § 1331.

To the extent that Plaintiff seeks to bring claims under Tennessee law, the Court also finds it lacks subject matter jurisdiction to adjudicate these claims. An alternative way for Plaintiff to establish that the federal court has subject matter jurisdiction is to demonstrate "diversity of

citizenship." To establish original jurisdiction through diversity of citizenship, the amount in controversy must exceed $75,000 and the parties must be citizens of different states. 28 U.S.C. § 1332(a). Federal diversity jurisdiction requires complete diversity—no defendant may be a citizen of the same state as any plaintiff. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978); *Gray v. Bush*, 628 F.3d 779, 783 (6th Cir. 2010). Since Defendants are citizens of Tennessee—just as Plaintiff is—there can be no subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## IV. Conclusion

For the reasons stated herein, it is **RECOMMENDED**[1] that this action be **DISMISSED** without prejudice for lack of subject matter jurisdiction and the application for *in forma pauperis* status be **DENIED** as moot.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a waiver of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).